No. 947
U.S. FIDELITY & GUAR. CO. v. KINNEMAN
Ohio Appeals, 6th Dist., Williams Co.
No. 149. Decided Oct. 30, 1925

480. EVIDENCE—Upon an inquiry as to the state of mind, sentiments or disposition of a person at any particular period, his declarations and conversations are admissible as parts of the res gestae.

WILLIAMS, J.

This action was instituted in the Williams Common Pleas by Emma Kinneman against the United States Fidelity and Guaranty Company, to recover upon a fidelity bond in the principal sum of $5,000 given to Kinneman by the Company as surety, to secure her against loss from fraudulent or dishonest acts of conversion, committed by her business manager, Levant Gould.

The bond provided in part that:—"from January 8, 1915 to January 8, 1916, the Surety shall within three months after proof of loss,

- - - - - reimburse the employer, of money, securities or other personal property in possession of employe - - - - etc." The evidence showed that Gould had in his possession during the one year period, property of Kinneman amounting to $10,000; which she claimed he had fraudulently and dishonestly converted to his own use during th eone year period, all property in his possession covered by the bond. The Company denied the claim and urged that if any fraudulent or dishonest acts of conversion were committed, they were committed after the bond had expired.

In the trial court, a verdict of $7,463.33 was returned in favor of Kinneman and judgment was entered on the verdict. Error was prosecuted and it was claimed by the Company that the court erred in permitting Kinneman to amend her petition, and plead a waiver of condition 2 in the bond which required her, within 90 days after date of notice of default in terms of the bond, to file with the Surety an itemized claim duly sworn to. It was further claimed that the court committed error in leaving to the jury the question of waiver, because it was not an issue in the case, and in permitting the jury to consider what ranspired during the eight year period of the contract, as bearing on the question of the time at which Gould converted the property to his own use.

Further error on part of the trial court is claimed by admitting in evidence certain declarations of Gould to Kinneman during the one year period. Kinneman testified that she went to Florida in 1915; that Gould advised her to go there; and he bought her a one way ticket and she was compelled to remain there until July 4, 1916, because she had no money to get back. It is also claimed that the court erred in failing to direct a verdict for the Company. The Court of Appeals held:

1. It appears that the Company wrote a letter to the attorney for Kinneman Nov. 1, 1916, which amounted to a waiver of the terms of condition two, but the Company contends that as the petition itself did not plead a waiver the letter was inadmissible.

2. The record discloses that the letter was admitted in evidence without objection, and it was therefore proper, under 11363 GC., to permit an amendment to a petition at any time before or after judgment, in furtherance of justice, to conform to the proof.

3. As to permitting the jury to consider what transpired during the eight year period of the contract; while under the terms of the policy, the Company was not liable for any

fraudulent and dishonest acts of conversion not committed within the one year period covered by the policy, it was proper to allow in evidence material transactions occuring both before and after that period which tended to shed light upon the question of whether or not there were fraudulent or dishonest acts of conversion during the one year period covered by the bond. The charge is free from prejudicial error.

4. It is apparent that the reason why Kinneman had a ticket and went alone to Florida is only explained by the conversation which took place at the time of her departure. This was part of the res gestae.

5. At the time of the conversation, Gould was in possession of and managing all the money and property in question. If his acts within the one year period were free from fraud and dishonesty, the Company is not liable; if he committed acts of conversion during that period which were dishonest and fraudulent, Kinneman could recover.

6. What better indication of his state of mind and his intent could be found than the conversations referred to while he was engaged in part execution of his purpose to send her to Florida? His declarations bearing upon the subject of inquiry, which are material and do not relate to past transactions, are admissible.

7. It is claimed that the relation between Gould and Kinneman was not a trust relation, but that of a debtor and creditor. Gould was not to repay to Kinneman a certain sum but return the property in his possession at the end of the term, less interest and increment. If there had not been any increment he would have been obliged to return to her all the property. His position toward her was a relation of trust based on contract.

8. Under the circumstances the trial court was right in not directing a verdict and since substantial justice has been done by the verdict the judgment will be affirmed.

Judgment affirmed.

Attorneys—Taber, Chittenden, Northup and Daniells, Toledo, for Company; A. L. Gebhard, Bryan, for Kinneman.